IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY JANKOWSKI,                )
                                  )
          Plaintiff,              )
                                  )
     v.                           ) Civil Action No. 03-656
                                  )
JO ANNE B. BARNHART,              )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
          Defendant.              )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 7/12 day of September, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 15) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 13) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for DIB on February 14, 2002, alleging disability beginning December 20, 2000, due to a broken back, ruptured discs and back surgery. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on October 8, 2002, at which plaintiff appeared represented by counsel. On November 27, 2002, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.[1]

Plaintiff was 39 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations.

---

[1] This case originally was filed on May 7, 2003, but it was remanded on motion of the Commissioner on September 16, 2003. The case was closed. Subsequently, the Commissioner moved to reopen the case, which was granted on May 17, 2004. After numerous extensions of time by plaintiff to complete briefing, the parties filed their cross-motions for summary judgment and supporting briefs and the matter now is ripe for resolution.

20 C.F.R. §404.1563(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a cabinet maker and carpenter and as a self employed general contractor, but he has not engaged in substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of the residuals of a fractured lumbar spine, herniated nucleus pulposus and degenerative joint disease, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of sedentary work with a sit/stand option. In addition, plaintiff is limited to occasional balancing, kneeling, crouching and crawling. He requires work that involves only occasional climbing of ramps and stairs and he must avoid stooping and climbing ladders, ropes and scaffolds. Finally, plaintiff must avoid concentrated exposure to temperature extremes, extreme wetness and humidity (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work.

Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a mechanical assembler, packer, small parts assembler, security desk person or hand packer. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations governing the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past

- 4 -

relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on numerous grounds, none of which the court finds persuasive. Plaintiff's challenges to the ALJ's step 5 finding include the following: (1) the ALJ erred in evaluating the medical evidence in this case; (2) the ALJ gave inadequate weight to the opinions of plaintiff's treating physicians; (3) the ALJ did not properly

- 5 -

evaluate plaintiff's subjective complaints regarding his pain; and (4) the ALJ erred in concluding that plaintiff can perform a full range of sedentary work.

First, plaintiff argues that the ALJ erred in evaluating the medical evidence in this case because he relied on isolated portions of the various physicians' notes that related to plaintiff's improvements, but discounted notes which supported a finding of disability. After reviewing the record in conjunction with the ALJ's decision, the court disagrees with plaintiff's argument. The ALJ's detailed decision discussed plaintiff's physical exams and medical tests that demonstrate his impairments. (R. 15). In addition, the ALJ discussed the various physicians' evaluations of plaintiff's condition, (R. 18-19), as well as his complaints of pain. (R. 16). Although the ALJ's decision was unfavorable to plaintiff, the decision makes clear that the ALJ considered and analyzed the relevant medical evidence.

Plaintiff's second argument is that the ALJ erred by giving inadequate weight to the opinions of his treating physicians. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, plaintiff's treating physicians' opinions were not entitled to controlling weight.

Plaintiff initially argues that the ALJ ignored the opinion

- 6 -

of Dr. Tracy Seewald, plaintiff's primary care physician, who stated that plaintiff was unable to work. (R. 278). The ALJ properly concluded that Dr. Seewald's opinion was not entitled to controlling weight, as her opinion was inconsistent with the clinical and objective findings that he summarized in detail in his decision. (R. 15-16, 18). The court also notes that none of Dr. Seewald's own records indicate that plaintiff was disabled. Indeed, despite her conclusory opinion, Dr. Seewald did not cite to any objective medical evidence in support of her opinion that plaintiff was unable to work.

The ALJ likewise properly determined that Dr. Marion's opinion was not entitled to controlling weight, despite plaintiff's argument to the contrary. Dr. Marion, who was plaintiff's treating neurosurgeon, stated that plaintiff was totally disabled from July 27, 2001 to March 15, 2002. (R. 249). Dr. Marion's opinion of disability for that time period did not meet the Act's twelve month durational requirement. In addition, Dr. Marion declined to offer an opinion as to whether plaintiff was disabled at any time prior to July 27, 2001 or subsequent to March 15, 2002. (R. 249). Thus, the ALJ properly concluded that Dr. Marion's opinion was not entitled to controlling weight.

Dr. Marion subsequently referred plaintiff to his colleague, Dr. Moossy, who saw plaintiff one time in September 2002. (R. 244). Despite having consulted with plaintiff only once, Dr. Moossy stated in November 2002 that plaintiff was unable to work and that his future prognosis for employment was poor. (R. 275).

In making that assessment, Dr. Moossy did not cite any supporting objective medical evidence. Rather, Dr. Moossy's November 2002 report briefly summarized plaintiff's history with regard to his back problem and then noted that plaintiff could have an injury to his nerve root separate from his disc problems. Dr. Moossy gave plaintiff information on spinal cord stimulation, told him to consider that as a treatment option and said he would see plaintiff again in late fall 2002 to discuss therapy options. (R. 274). In light of the fact that plaintiff consulted with Dr. Moossy once and the doctor did not rely on objective medical evidence in concluding that plaintiff was unable to work, the ALJ did not err in finding that Dr. Moossy's opinion was not entitled to controlling weight.

Plaintiff's third step 5 argument is that the ALJ did not properly evaluate his subjective complaints of pain. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c)(2); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). Moreover, an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Upon a review of the record, the court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints regarding his pain.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant

- 8 -

evidence in the record, including medical signs, laboratory findings, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and statements by his treating and examining physicians and others about his symptoms and how they affect him. See 20 C.F.R. §404.1529(c)(1); Social Security Ruling 96-7p. As required by 20 C.F.R. §404.1529(c)(4), the ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. The ALJ determined that the objective evidence was inconsistent with an individual experiencing debilitating pain. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 16). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 16-17), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ erred in concluding that he could perform a full range of sedentary work. Contrary to plaintiff's argument, the ALJ determined that plaintiff only could perform a range of sedentary work with a sit stand option and numerous other exertional and non-exertional restrictions as set forth in the RFC Finding. The RFC Finding accounted for plaintiff's limitations that were supported by the medical evidence of record. The RFC Finding then was included in a hypothetical question to the vocational expert, along with

plaintiff's other vocational factors. In response to the hypothetical, the vocational expert responded that there is other work which exists in significant numbers in the national economy that plaintiff can perform consistent with the RFC Finding and his other vocational factors. Thus, the ALJ did not err in concluding that plaintiff could perform a range of sedentary work.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Barbara J. Artuso, Esq.
    Quatrini Rafferty Galloway
    Underwood Center
    550 East Pittsburgh Street
    Greensburg, PA 15601

    Christy C. Wiegand
    Assistant U.S. Attorney
    Suite 400, U.S.P.O. & Courthouse
    Pittsburgh, PA 15219